UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-20923-CR-RKA

UNITED STATES OF AMERICA

vs.

ANTHONY ACOSTA,

        Defendant.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE/EXCISE/CLARIFY PORTIONS OF PRE-SENTENCE INVESTIGATION REPORT

The United States, by and through the undersigned Assistant United States Attorney, responds to Anthony Acosta's ("Defendant's") Motion to Strike, Excise, and/or Clarify Portions of Pre-sentence Investigation Report (ECF No. 237) (the "Motion"),[1] which objects to (1) Probation's recommended three-level role enhancement, and (2) the applicable loss amount. As set forth below, neither objection has merit.[2]

**Defendant's Objection to a Role Enhancement**

Defendant first objects to Probation's recommendation of a three-level role enhancement pursuant to § 3B1.1(b) (set forth in paragraphs 19 and 33 of the PSR). Defendant makes two primary arguments, (1) that the plea agreement does not specifically recommend a role

---

[1] Although framed as a motion, the document appears to be Defendant's objections (belated) to the PSR.

[2] Defendant also objects to Probation's recommendation of a two-level enhancement for production of unauthorized access devices (PSR ¶ 31). Defendant does not argue that this enhancement is inapplicable but rather claims that this Court did not apply this enhancement to other co-defendants. (Motion at 4-5). Understanding that this Court previously agreed with this argument as to co-defendant Benavides (whose relevant conduct also included the production of fraudulent Sprint accounts), the government maintains its prior position that this enhancement is appropriately applied as to Defendant.

enhancement, and (2) that co-defendant Nilberto Alexander Benavides ("Benavides") was equally culpable yet did not receive a role enhancement.

## The Government's Response

As a preliminary matter, nothing in the plea agreement (ECF No. 163) (which is silent regarding role) supports Defendant's objection. To the contrary, the plea agreement itself states that the Court will consider a pre-sentence investigation by the probation office in determining the applicable guidelines. *Id.* ¶ 3. The plea agreement also states that the government reserves the right to inform the court and probation office of all relevant conduct and to make recommendations regarding the quantity/quality of punishment (subject only to agreed-upon recommendations). *Id.* ¶ 6. In other words, the absence of a specific joint recommendation regarding a role enhancement does not mean that one should not apply.

Further, Defendant does not appear to argue that the *facts* in the PSR (which he does not dispute) fail to support a role enhancement.[3] Rather, he merely claims that because Benavides did not get a role enhancement, neither should he. But Defendant and Benavides are not the same; as set forth in the PSR, Defendant recruited Benavides and others to the fraudulent scheme.[4] *Id.* ¶ 12. And one of the other individuals Defendant recruited (Arauz) herself fraudulently obtained

---

[3] Nor can he, given the nature of Defendant's participation in the scheme (which included making calls to Sprint, conducting fraudulent transactions himself, and accompanying co-conspirators during their fraudulent transactions, *see* (ECF No. 162); PSR ¶ 12), as well as the fact that he recruited other accomplices to fraudulent scheme, including the individual responsible for the majority of the loss. *See* PSR ¶¶ 12-13.

[4] In addition, the first fraudulent transaction conducted by Benavides that is reflected in Sprint's records occurred on August 14, 2017. *See* (ECF No. 195). Defendant's first fraudulent transaction was as early as February 2017, the beginning of the charged conspiracy period.

over $300,000 worth of phones and recruited others to the fraudulent scheme. *Id.* ¶ 13. In short, the fact that Benavides did not get a role enhancement does not mean Defendant should not.

### Defendant's Objection to the Loss Amount

Defendant next objects to the loss amount ($717,186.15, set forth in PSR ¶ 29), claiming that he should only be held responsible for the loss resulting from his own fraudulent transactions ($63,906, *see id.* ¶ 12). Of note, Defendant does not dispute the loss amount. Rather the sole basis for this objection is the fact that some of the other co-defendants were held responsible only for their individual fraudulent transactions (and not for the entire loss amount attributable to the conspiracy).

### The Government's Response

Defendant is not similarly situated to those individuals who merely accessed fraudulent Sprint accounts to obtain cell phones at Sprint stores. Unlike those individuals, Defendant, in addition to accessing fraudulent Sprint accounts, also called Sprint to create fraudulent accounts (for himself and for others) and recruited accomplices to the fraudulent scheme. *See* (PSR ¶ 12); (Factual Proffer, ECF No. 162). And in addition to his own fraudulent transactions, Defendant accompanied codefendants during some of their transactions. PSR ¶ 12. Further, Benavides (whom Defendant claims was an equal partner in the scheme) was held responsible for the loss amount attributable to the entire conspiracy from the date of his earliest fraudulent transaction ($402,681.39, *see* ECF No. 195). Accordingly, Defendant should likewise be held accountable, not merely for the loss resulting from his own fraudulent transactions, but for the loss amount attributable to the entire conspiracy. *See United States v. De La Cruz Suarez*, 601 F.3d 1202, 1221 (11th Cir. 2010). ("If a defendant is aware of the scope of a conspiracy outside of his

individual actions, he may be held accountable for actions by co-conspirators even though he was not personally involved."); *United States v. Dabbs*, 134 F.3d 1071, 1082 (11th Cir. 1998) ("[T]he district court may hold all participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy.").

          Respectfully submitted,

          ARIANA FAJARDO ORSHAN
          UNITED STATES ATTORNEY

By: /s/ *David S. Turken*
    DAVID S. TURKEN
    Assistant United States Attorney
    Florida Bar No. 28573
    U.S. Attorney's Office - SDFL
    99 N.E. 4th Street, Suite 400
    Miami, FL 33132-2111
    Telephone: (305) 961-9430
    Email: david.turken@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

          /s/ *David S. Turken*
          DAVID S. TURKEN
          Assistant United States Attorney